United States Court of Appeals
Fifth Circuit

**F I L E D**

July 15, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-51391
Summary Calendar

FRANCISCO H. REYES,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-01-CV-32-NN
--------------------

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Francisco H. Reyes appeals the district court's judgment affirming the Social Security Commissioner's denial of benefits pursuant to 42 U.S.C. § 405(g). The Commissioner determined that Reyes was not disabled within the meaning of the Social Security Act at the fifth step of the disability determination, after considering the testimony of a vocational expert. Reyes argues that the Commissioner erred in discounting the opinion of a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

treating physician, Dr. Perez-Rodriguez, and erred in relying on the vocational expert's testimony because the hypothetical question posed to the expert did not account for all of his impairments and there was no finding under Watson v. Barnhart, 288 F.3d 212 (5th Cir. 2002), that Reyes would be able to maintain employment.

The administrative record reflects that there was good cause for not according controlling weight to Dr. Perez-Rodriguez's opinion, which was brief, conclusional, and inconsistent with the other substantial evidence in the record. See Greenspan v. Shalala, 38 F.3d 232, 237 (5th Cir. 1994). The hypothetical posed to the vocational expert incorporated all of the impairments and restrictions supported by the record, and the Commissioner therefore correctly relied upon the expert's opinion in determining that Reyes was not disabled. See Bowling v. Shalala, 36 F.3d 431, 436 (5th Cir. 1994). Reyes identified no impairments that would prevent him from maintaining employment; he thus did not establish the factual predicate required by Watson to necessitate a separate finding on his ability to maintain employment. See Frank v. Barnhart, 326 F.3d 618, 619-20 (5th Cir. 2003).

AFFIRMED.